GEORGE HAZELWOOD *v.* W. C. WEBSTER.

R. HAZELWOOD *v.* W. C. WEBSTER.

[Abstract Kentucky Law Reporter, Vol. 7—164.]

**Creation of Trust Estate by Will.**

Where a testator after disposing of his entire estate by specific demise continues by stating that "his greatest desire is that Wm. C. Webster (executor) will see that my two brothers, Robert and George, are well taken care of as long as they live; that they may lack for nothing that will render them comfortable and happy in this life," it was held that since no estate was left to the executor to carry out such wish, the absolute disposition of his estate without limitation will not establish by implication the existence of a trust in favor of said brothers.

APPEALS FROM TAYLOR CIRCUIT COURT.

May 23, 1885.

OPINION BY JUDGE PRYOR:

In determining whether or not a devise was made by the testator to his two brothers, his intention must be ascertained from the entire instrument. The clause in the will of the testator expresses

a wish on his part, and in fact "his greatest desire is that Wm. C. Webster will see that my two brothers, Robert and George, are well taken care of as long as they may live; that they may lack for nothing that will render them comfortable and happy in this life." The testator seems to have died the owner of considerable estate, and by his will had made an absolute and unconditional devise of this estate to his relations, giving each devisee his designated portion to hold forever.

There are as many as eight or ten devisees who are made the objects of the testator's bounty, and a separate and distinct provision in the will of the devise to each, describing the property devised with great minuteness, each specific or general devise concluding with the words "to have and to hold" forever. Wm. C. Webster was left his executor, and to him he made a devise of a saddle horse and saddle and his private papers. His entire estate was given to other relatives, and therefore it is manifest that he did not intend to charge the specific property devised to Wm. C. Webster with the burden of supporting his two brothers. Nor does he direct Wm. C. Webster as executor to make any disposition of the testator's estate for that purpose, but on the contrary makes a devise as absolute as could be made of his entire estate to the parties named in his will. The various devises are plainly and intelligently made, and every devise in the will is in conflict with the idea that the testator intended to create a trust in favor of his two brothers, either upon any of the specific devises or on his general estate. The property to which the trust is to attach is indefinite and uncertain, and the prior disposition of it shows that the testator intended the devisees to take it free of any burden. In such cases Courts of Equity (says Story) will not create a trust from the use of such language. Story's Equity Jurisprudence, Sec. 1070.

The request by the testator of Wm. C. Webster was personal, and, although in strong terms, it is manifest that a testator of the intelligence that this testator possessed when writing or having his will prepared would have inserted a devise for the benefit of his brothers requisite for their support if such had been his purpose. The absolute disposition of his estate without intention will not establish by implication the existence of a trust in favor of appellants.

The demurrer therefore was properly sustained.

Judgment *affirmed.*
*Wood & Avritt, for appellants.*
*W. Lindsay, W. E. & S. A. Russell, for appellee.*

